# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 05 C 6742 |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| HARVEY FIREFIGHTERS' PENSION ) | |
| FUND, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**I.    Background**

Plaintiff William Bell brought the instant two-count complaint alleging that the defendants violated 42 U.S.C. § 1983 and Article I, § 2 of the Illinois Constitution when they denied him pension benefits without due process of law. According to the complaint, defendant Richard Stockwell, president of the defendant Board of Trustees of the Harvey Firefighters' Pension Fund ("Board"), summarily suspended Bell's pension benefits without notice or a hearing when Stockwell learned that Bell had been appointed Harvey's Public Safety Fire Administrator. Bell claims that the summary termination was part of a pattern and practice of suspending pension benefits of African-Americans who had returned to work for the city of Harvey while not doing so for white pensioners who also had returned to work for Harvey.

At the time the instant action was filed, a complaint for administrative review was pending in the Circuit Court of Cook County seeking review of the Board's vote suspending Bell's pension benefits. The circuit court remanded the case for further factual support, and the original Board members voted to affirm their initial decision. The circuit court then reversed the

Board's decision and remanded the matter for a new hearing before the Board.  In the instant motion, the Board contends that this court should abstain from hearing this action based on the *Colorado River* abstention doctrine, *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976).  For the following reasons, the court finds that abstention is warranted and grants the motion.

**II.     Discussion**

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976). *Colorado River* abstention is appropriate when considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," support abstention in favor of a pending state court case.  *Id*. at 817.  Under *Colorado River*, only the "clearest of justifications" warrants dismissal.  424 U.S. at 819.

Before a court can consider whether exceptional circumstances justify a stay under *Colorado River*, it must first consider whether the federal action is parallel to the state or foreign proceeding.  *See, e.g., Clark v. Lacy,* 376 F.3d 682, 685 (7th Cir. 2004); *LaDuke v. Burlington N.R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989) (parallelism with respect to state and federal proceedings).  The actions need not be identical to be parallel.  *See, e.g., Lumen Construction, Inc. v. Brant Construction Co.*, 780 F.2d 691, 694 (7th Cir. 1985).  Instead, they must feature substantially the same parties litigating substantially similar issues.  *See, e.g., Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988).

The fact that the parties in the state and federal actions are not identical does not necessarily mean that the "substantially the same parties" test cannot be satisfied.  *Lumen*

*Construction*, 780 F.2d at 695. This is because a plaintiff cannot control the parallel nature of concurrent proceedings simply by naming different parties in the federal case. *Id.* The true measure of whether parties are substantially the same is whether the parties and their litigation interests in the concurrent cases are substantially similar. *Id.* at 694; *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700-01 (7th Cir. 1992) (where different parties in state and federal actions shared a common interest in a fee dispute, parties were "substantially similar").

Similarly, the issues in the concurrent proceedings need not be identical to be substantially similar. Instead, issues are "substantially similar" when there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Construction*, 780 F.2d at 694. In determining whether issues are "substantially similar," the court must consider whether the different issues raised in concurrent proceedings filed by the same party share a common factual underpinning, so that the disposition of the state claims affects the disposition of the federal claims. *See id.* With these basic principles in mind, the court turns to the parties' arguments.

### A. Are the Parties Parallel?

With respect to the parties, Bell is the plaintiff in both actions. Moreover, the Board is a defendant in both actions; however, individual board members are named in the instant action while they are not named in the state court administrative review action.

The absence of the individual board members from the state court case does not, in and of itself, destroy parallelism, as the Seventh Circuit has held that "the simple expedient of naming additional parties" does not necessarily allow a party to avoid the *Colorado River* doctrine.

*Lumen Construction*, 780 F.2d at 695; *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1307 (7th Cir. 1989). Instead, if a party is named in a federal action but is not named in a state action, the inquiry regarding the parallelism of parties blends into the inquiry regarding the parallelism of issues. This means that, if there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case," the presence of additional parties in a federal case will not destroy parallelism. *Lumen Construction*, 780 F.2d at 695. With this in mind, the court turns to an assessment of how resolution of the issues in the state court case will impact the claims raised by Bell in this case.

### B. Are the Claims Parallel?

Bell contends that the claims are not parallel. According to Bell, the state court action involves only whether Bell had reentered active service as a firefighter within the meaning of the Pension Code. On the other hand, Bell contends that the instant action involves his allegations that the Board (and its then all-white members) deprived him of a property right without due process of law because of his race when it: (1) summarily suspended his benefits; (2) imposed on him the burden of persuasion that he had not reentered active service as a firefighter; and (3) returned the case to the board members who had suspended Bell's benefits even though those members had already retired from the Board.

The court notes that the state and federal complaints are both based on the same underlying conduct (i.e., the alleged wrongful denial of pension benefits). "Merely raising an alternative theory of recovery, which may still be raised in state court, is not enough to differentiate the federal suit from the state suit." *Proctor & Gamble Co. v. Alberto-Culver Co.*, No. 99 C 1158, 1999 WL 319224, at *5 (N.D. Ill. Apr. 28, 1999), *quoting Telesco v. Telesco and*

*Mason's Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985) (collecting cases). Thus, adding a new issue into a federal action "which could have been properly raised in a prior state court action does not insulate the federal action from attack under *Colorado River*." *Id.*; *see also Clark,* 376 F.3d at 686-87 ("Just as the parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repackaging the same issue under different causes of action").

Moreover, given that the claims in both actions arise from the denial of pension benefits, if the state court wins the race to judgment (which is likely, since it has a substantial head start–indeed, the Board asserts that a final hearing before the Board is set for March 30, 2006, less than two weeks away), the existence of that hypothetical state court judgment under the facts of this case could possibly create res judicata or *Rooker-Feldman* issues. *See Proctor & Gamble Co. v. Alberto-Culver Co.*, 1999 WL 319224, at *5 (collecting cases holding that parallelism turns on whether the federal defendants may be bound by the result in the state litigation based on collateral estoppel or the *Rooker-Feldman* doctrine). Indeed, as another court in this district has recently noted:

> In several decisions, the Seventh Circuit has recognized that under Illinois law, a plaintiff can join a full-blown § 1983 claim to even a very limited, on-the-record judicial review of an agency decision. *See, e.g., Garcia* [*v. Village of Mount Prospect*, 360 F.3d [630] at 642 [7th Cir. 2004] (administrative review of a denial of duty-related pension benefits by the police pension board bars subsequent Title VII and § 1981 claims by a Hispanic police officer alleging that this denial constituted retaliation and employment discrimination); *Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001) (*Rooker-Feldman* doctrine applies to bar a police officer's § 1981 and § 1985 claims following the full administrative review of the police board decision terminating him); *Durgins v. City of East St. Louis*, 272 F.3d 841, 843-44 (7th Cir. 2001) (police officer's failure to raise free speech challenge in administrative review of a police board decision to terminate her for falsifying her credentials barred a subsequent § 1983 claim alleging that

> constitutional violation); *Hagee v. City of Evanston*, 729 F.2d 510, 511-12, 514-15
> (7th Cir.1984) (judicial review of a zoning board decision halting construction
> barred a later § 1983 damages action alleging that the zoning board decision
> deprived the plaintiff of property without due process). In *Davis* [*v. City of
> Chicago*, 53 F.3d 801 (7th Cir. 1995], the Court of Appeals observed that "we have
> long believed that Illinois permits persons to join constitutional claims under §
> 1983 with requests for administrative review.... [T]he Supreme Court of Illinois
> has endorsed our understanding of state law." 53 F.3d at 803 (*citing Stratton v.
> Wenona Community Unit District No. 1*, 133 Ill.2d 413, 429-30, 141 Ill.Dec. 453,
> 551 N.E.2d 640, 646-47 (1990)).

*Girot v. Municipal Officers Electoral Bd. of City of Braidwood*, 05 C 419, 2006 WL 59393, at *6 (N.D. Ill. Jan. 5, 2006). Accordingly, the court finds that the state court action and this action feature substantially the same parties litigating substantially the same issue and that these actions, therefore, are parallel.

### C. Abstention under *Colorado River*

If concurrent proceedings are parallel, the court can reach the merits of a motion to stay a federal case in favor of a pending state court or foreign action. Ten factors are relevant in deciding whether the circumstances are exceptional enough to support a stay: 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 n.2 (7th Cir. 2005) (*citing Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir.1992)).

The determination of whether exceptional circumstances exist is committed to this court's discretion. *See, e.g., United States ex rel. Hartigan v. Palumbo Bros., Inc.*, 797 F. Supp. 624, 633 (N.D. Ill. 1992). With respect to the *Colorado River* factors, "[n]o one factor is necessarily determinative" so "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 817. The weight of the factors is not fixed. Instead, it depends on the particular posture of each unique case. *See Moses H. Cone Memorial Hospital*, 460 U.S. at 16.

The first factor – whether the court has assumed jurisdiction over a res – is inapplicable as this is not an in rem action. The second factor – the inconvenience of the federal forum – favors abstention, as both lawsuits are pending in Illinois and Bell acknowledges that this court is as accessible and convenient as the state court.

Factor three – the desirability of avoiding piecemeal litigation -- also favors abstention. First, in resolving the issues before them, both courts will have to address whether Bell was entitled to his pension benefits. Allowing both cases to proceed would lead to duplicative effort and potentially conflicting results. *See Proctor & Gamble Co. v. Alberto-Culver Co.*, 1999 WL 319224 at *5. Moreover, even if this court abstains and Bell opts to raise his § 1983 Illinois constitution claims in the state court action, he would not necessarily need to start afresh with a totally different action, as he may be able to amend his pleadings to add the claims raised in this case. Indeed, it would appear based on the excerpt from *Girot v. Municipal Officers Electoral Bd. of City of Braidwood*, 05 C 419, 2006 WL 59393, at *6, quoted on page 6 above, that Bell

would want to raise the § 1983 claim in the state court action given the strong possibility of *res judicata* effect on the instant action.

Factor four – the order in which the state and federal courts obtained jurisdiction – is yet another reason in favor of a stay, as the state court case has been pending since December 2003. Factor five asks whether federal law provides the rule of decision and looks to the source of the law governing the parties' dispute. While count I of the instant action alleges a § 1983 claim, which is a federal statute, the state court could resolve it. Further, count II of the instant action alleges a violation of the Illinois constitution, which Illinois courts are obviously in a favorable position to apply and interpret.

With respect to factor six – the adequacy of the state court action to protect Bell's rights – the Illinois state court action as it currently stands would not provide relief under § 1983 (including attorneys' fees and punitive damages), and thus favors not abstaining. Factor seven – the relative progress of the state and federal proceedings – weighs in favor of a stay given that Bell filed the state court action in 2003. While this court endeavors to resolve all cases before it as expeditiously as possible, the fact remains that the state court has a substantial head start.

With respect to factor eight – the presence or absence of concurrent jurisdiction – the state court can exercise jurisdiction over all of the claims raised by Bell in this action. Factor nine – the availability of removal of the state court action – dictates in favor of abstention given that there currently is no claim in the state court action providing for federal jurisdiction.

Finally, as top factor ten– the vexatious or contrived nature of the federal litigation – the court cannot conclude based on the record before it that the current litigation was instituted for improper purposes. Although the Board asserts to the contrary, this court disagrees.

Accordingly, the court concludes based on its review of the ten factors that most of the factors taken together weigh in favor of abstention. In short, after carefully balancing the *Colorado River* factors "in a pragmatic, flexible manner with a view to the realities of the case at hand," the court exercises its discretion and finds that, even with the strong presumption in favor of jurisdiction, the facts and circumstances of this case justify the surrender of jurisdiction here in favor of the Illinois state court case.

## III. Conclusion

The Board's motion to stay under *Colorado River* is granted. Proceedings in this case are stayed pending further order of court. *See CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851-52 (7th Cir. 2002) (when abstaining in favor of a parallel case, federal court should stay rather than dismiss its case).

**DATE: April 5, 2006**

*/s/ Blanche M. Manning*
**Blanche M. Manning**
**United States District Judge**